Allen Superior Court 2

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ALLEN SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF ALLEN | ) | CAUSE NO._____ |

BENITA JOHNSON, )
)
   Plaintiff, )
)
v. )
)
MAJESTIC CARE OF )
FORT WAYNE, LLC, )
)
   Defendant. )

## COMPLAINT

Plaintiff alleges against Defendant as follows:

1. The Plaintiff is Benita Johnson, an African-American/Black individual who resides in Allen County Indiana.

2. Defendant Majestic Care of Fort Wayne, LLC is a limited liability company who operates locally at 7519 Winchester Road, Fort Wayne, IN 46819. Defendant's Registered Agent is Business Filings Incorporated, 334 North Senate Avenue, Indianapolis, IN 46204. Defendant is an "employer" for purposes of 42 U.S.C. § 1981 and is obligated to treat minorities the same with respect to contractual benefits, including at-will contractual benefits of employment. Defendant was obligated to provide to the Plaintiff the same benefits, terms, privileges, and entitlements of employment as similarly situated Caucasian workers pursuant to 42 U.S.C. § 1981.

3. On or about January 18, 2022, Plaintiff was notified by Unit Manager Tracy that she would need to have her TB skin test repeated and claimed that she did not receive the

text of a picture in enough time to have properly read the test.

4. On January 20, 2022, Plaintiff worked her first and only day at Majestic Care. Plaintiff's trainer arrived thirty minutes late and utilized Plaintiff as a "runner" instead of an LPN. Plaintiff could not log in to perform her work, because she was never given proper login credentials to complete her tasks. Plaintiff received no training regarding Majestic Care procedures and policies. Rather, Plaintiff was utilized as a type of gopher for an agency nurse who is not capable of teaching the Plaintiff the proper policies and procedures of Majestic Care.

5. On January 20, 2022, after working only five hours, Unit Manager Tracy unnecessarily and without cause criticized the Plaintiff and falsely accused her of being on her phone, falsely accused Plaintiff of sneaking into the shower room to speak on the phone, and Plaintiff was told that she could not work with her husband (a Caucasian man who had worked for Majestic Care approximately three days), and Plaintiff questioned whether this was company policy. Given the false reasons for the unwarranted criticisms, and Defendant's prohibition of a mixed-race couple working together (Plaintiff is African-American her husband is Caucasian) Plaintiff believe that she was targeted because of her race and color, as the Plaintiff had worked at another Majestic Care facility where a Caucasian woman was allowed to work with her African-American husband.

6. Plaintiff was then told that she had not completed her TB test and was not supposed to be on the floor working that day. Tracy informed Plaintiff that she was concerned that the Indiana State Department of Health was present in the building that day, and Plaintiff told her that she could simply leave, because she did not want trouble for

herself or the facility.

7. Plaintiff was then asked to complete an assessment which was supposed to have been completed by the prior shift nurse, a Caucasian woman. The Plaintiff responded that she did not know who this resident was and had never seen the resident and for her to complete the assessment would have constituted fraud. Nevertheless, Plaintiff was told that she could just "click the history button" to familiarize herself with the resident without ever examining her, but again, Plaintiff resisted this directive because it would have constituted fraud. Plaintiff and her husband were then allowed to leave the meeting and go to lunch.

8. After returning from lunch, Plaintiff (black) and her Caucasian husband were forced to work apart. Plaintiff advised her trainer that she would be leaving the facility because she was told she should not be there, and Plaintiff did not want to be accused of committing policy violations, another reason the Plaintiff left was because her husband was then placed on her hall and she was fearful that if she had worked him then she would be committing yet another policy violation.

9. At approximately 1:00 p.m., Plaintiff received a message from Human Resources Tonya Upchurch, and Plaintiff explained that she had spoken with Val (her trainer who had not provided much training) and advised that she was leaving.

10. Then, approximately four hours later, Zack, the Caucasian Administrator, called and shouted to the Plaintiff that she "threatened" his staff, and Plaintiff calmly explained that she had no idea what he was talking about. Nevertheless, Zack / Administrator terminated the Plaintiff. Plaintiff found Zack's tone and overall demeanor to be racist

and hostile.

11. Plaintiff's husband was then terminated by way of voicemail.

12. On or about January 24, 2022, Plaintiff complained to the corporate recruiter and with Vice President of Human Resources about the racist and derogatory manner in which Zack/Administrator treated her, the false allegations that had been made against her, and Plaintiff insisted that the facility be investigated for improper conduct and making false allegations against Plaintiff. In the end, Plaintiff contends that she was treated differently (worse than) similarly situated Caucasian people because she was black, because she was married to a Caucasian man, and because she was accused of false conduct such as making threats when clearly, she made no threats. Plaintiff alleges that she was terminated because of her race and color and violation in 42 U.S.C. § 1981.

13. As a direct and approximate result of Plaintiff's discriminatory termination, Plaintiff lost her job and job-related benefits including income. The Plaintiff suffered additional pecuniary damages, humiliation, embarrassment, emotional distress, mental anguish, inconvenience, and other damages and injuries.

14. The actions of the Defendant were intentional and in reckless disregard of Plaintiff's federal protected civil rights under 42 U.S.C. § 1981, warranting an imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgement against the Defendant for back pay, front pay, other pecuniary damages, lost value of benefits, compensatory damages, punitive damages, reasonable attorney's fees and cost, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

MYERS SMITH WALLACE, LLP

/s/ Christopher C Myers
Christopher C Myers # 10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:       cmyers@myers-law.com
*Counsel for Plaintiff*